## Evans *et al. v.* Hill.

(Division B. June 13, 1938. Suggestion of Error Overruled July 21, 1938.)

[181 So. 847. No. 33286.]

Paine & Paine and M. C. Young, all of Aberdeen, for appellants.

Leftwich & Tubb and Jesse M. Coleman, all of Aberdeen, for appellee.

12

Argued orally by **M. C. Young** and **Tom F. Paine**, for appellants, and by **Frank Leftwich**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, plaintiff in the court below, brought suit against the appellant, Julian T. Evans, and his wife, Maria H. Evans, for a personal injury alleged to have been sustained by her about noon on the 22nd day of August, 1936, as she was walking along the main business street of Aberdeen, Mississippi, known as East Commerce street, as was her right and privilege, and had reached a point in front of the place of business of the Evans Sales Company in a building owned by the defendants, when a piece of timber, part of the wooden frame of a window in the second story of said building, fell and struck her foot, causing her great pain and injury. It fell without warning, though the day was quiet, with no wind blowing. The sidewalk and street were filled with people and vehicles. The appellee avers that

the timber fell as the result of faulty or improper construction, or through neglect on the part of the owner; that the window had become rotten, unsafe and dangerous to the public using the street below,—the most frequented street in Aberdeen. She avers that the piece of timber, in falling from the window in the second story, struck her foot with great force, breaking a bone, and injuring and bruising the muscles and flesh thereof, so that she was compelled to consult doctors, incurring expense and being disabled for a period of about six weeks, and suffering great pain and discomfort.

The cause of the accident was unexplained, except that the bottom part of a window sill in the upper story of the building, the framework of which was fastened together with wooden pegs, fell. These pegs had become rotten, but the window frame and sill were in sound condition. The wooden pegs were concealed within the framework, and could only have been examined by driving them out of the frame with a punch or some other instrument.

The upper story of the building in question was leased to another person by the owner, and there was no contract between the lessor and the lessee that the lessor would keep that part of the building, including the windows, in repair. The owner or lessor, in the fall previous to the accident in August, had employed a carpenter to examine the building, including the upper story, and to make repairs wherever necessary, with a view to renting it to a chain store. In inspecting the building the carpenter also inspected the window, which appeared to be sound and in good condition; but he did not drive out the pegs holding the frame together and inspect them. The window was bought in the course of trade from a dealer in such commodities; and there is nothing to show any knowledge on the part of the owner that the pegs were unsound, or that the window was unsafe. In the preceding fall, when the carpenter was making necessary repairs, as stated above, the owner had him

to nail some cleats under the window sill, to prevent its falling, the window being raised and lowered by a cord and weight. The cleats had been removed by some person not disclosed by the evidence, nor was the time of their removal shown, nor that the owner had knowledge of the removal thereof.

A witness for the plaintiff who testified concerning the falling of the piece of timber from the window more explicitly than any other, said: "We were walking by Evans Sales Co. and I heard a noise, heard something pop and I looked up and saw the bottom part of the top window sash of the second story falling and I started to run and saw it was going to hit and I started to get her out of the way, but the stick hit her on the foot, and I looked up and saw the glass coming, but we got out of the way."

The carpenter who inspected the window after the accident said that the glass did not fall, being held in place by putty. There was no evidence besides that stated above to show why the window sill fell. When the plaintiff rested the case the defendant made a motion to strike out the evidence and requested a peremptory instruction, which was overruled. The owner then testified to the leasing of the upper story of the building to a lessee with whom there was no agreement as to who would repair the building or keep it in condition. The plaintiff relied largely upon the doctrine of res ipsa loquitur, and it was relied upon to sustain the verdict for $1,000.-00 against the owner. The lessee was not made a party to the suit.

The rule is well settled in Mississippi that the owner of a building leased to another is not charged with the duty of keeping the building in repair during the period of the lease; that the duty rests upon the lessee to keep the building in the necessary repair, and certainly no liability exists on the part of the lessor, as against the lessee. The latter came into possession, and, although having control over the property, was not introduced as

a witness by either party. It may be that the lessee removed the cleats, and that the frame had been disconnected by pulling on the sash to raise and lower the window, or for some other cause which might reasonably explain the condition of the window sill, or the pegs that held the sill in the frame.

We think the doctrine of res ipsa loquitur does not apply here, and there is no sufficient evidence to support a judgment against the owner. It was not shown that the owner or landlord had any knowledge of a defective condition of the window sill or pegs in the window frame; or that reasonable inspection would have disclosed such defect as was shown. On the contrary, the proof is to the effect that a reasonable inspection failed to disclose such defect; and we do not think the circumstances disclosed were sufficient to charge the owner with knowledge of the defective condition of the window. The doctrine of res ipsa loquitur does not apply to every unexplained situation—accidents may happen without that doctrine being applicable, which we think is the case here.

At the conclusion of the entire evidence the defendant moved the court to strike out the evidence and grant a peremptory instruction in his favor, which was overruled. We think this peremptory instruction should have been given. The judgment of the court below will, therefore, be reversed, and judgment rendered here for the appellant.

Reversed and judgment here.